JASON J. BACH, ESQ.
Nevada Bar No. 7984
MICHAEL L. MASCARELLO, ESQ.
Nevada Bar No. 10673
THE BACH LAW FIRM, LLC
6053 S. Fort Apache Rd., Suite 130
Las Vegas, NV 89148
Tel: (702) 925-8787
Fax: (702) 925-8788
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \* \*

MICHAEL DRUSSEL, as next friend of his minor child, T.D.,

    Plaintiff,

v.

ELKO COUNTY SCHOOL DISTRICT; and JACK FRENCH, individually, and as Director of Secondary Education for Elko County School District; MIKE ALTENBURG, individually, and as Principal of Elko High School; and DOES I-XX, inclusive,

    Defendants.

CASE NO.:
DEPT NO.:

## COMPLAINT
### (JURY TRIAL DEMANDED)

COMES NOW, Plaintiff, MICHAEL DRUSSEL (hereinafter referred to as "Plaintiff"), by and through his attorneys of record, Jason J. Bach, Esq. and Michael L. Mascarello, Esq. of The Bach Law Firm, LLC, and hereby complains and alleges against the above-named Defendants, and each of them, based upon knowledge, information and a reasonable belief derived therefrom, as follows:

///

///

## PARTIES & JURISDICTION

1. This Court has jurisdiction over the claims set forth in this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343 (civil rights).

2. Supplemental jurisdiction over Plaintiff's pendent state law claims is invoked pursuant to 28 U.S.C. §1367, as the claim arises out of the same transaction and occurrence as Plaintiff's federal claim.

3. Venue is proper in the District of Nevada pursuant to 28 U.S.C. §1391(b) in that the claims arose in this district, and Plaintiffs and Defendants are located in this district.

4. Costs, expert witness fees, and attorney's fees are sought pursuant to 42 U.S.C. §1988.

5. Plaintiff is a resident of Elko, County of Elko, State of Nevada, which is located within this judicial district.

6. Plaintiff is the father of T.D., a minor child, and brings this action as the next of friend of T.D.

7. At all relevant times, T.D. was a resident of Elko, County of Elko, State of Nevada and was enrolled as a student at Elko High School in the Elko County School District.

8. Defendant ELKO COUNTY SCHOOL DISTRICT is a political subdivision of the State of Nevada and operates Elko High School, a public educational institution located in Elko, County of Elko, State of Nevada.

9. Defendant JACK FRENCH, as an officer for Elko County School District, and individually, was at all times material to this complaint, employed by Elko County School District as the Director of Secondary Education. He is named in this case both individually and in his official capacity as Director of Secondary Education.

10. Defendant MIKE ALTENBURG, as an officer for Elko County School District, and individually, was at all times material to this complaint, employed by Elko County School District as the Principal of Elko High School. He is named in this case both individually and in his official capacity as Principal of Elko High School.

11. That the true names or capacities, whether individual, corporate, associate or

otherwise, of Defendants DOES I through XX are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.

12. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOES are responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend this Complaint, to insert the true names and capacities of said Defendants, and when the same have been ascertained to join such Defendants in this action.

13. At all times herein, the individual Defendants, have been acting under color of law.

14. At all times relevant hereto, and in all their actions described herein, Defendants' actions took place in the State of Nevada, County of Elko.

15. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

## FACTUAL ALLEGATIONS

16. On or about May 20, 2012, while on a high school jazz band trip in Boulder, Colorado, T.D. and two other students at Elko High School, C.B. and A.S., were sharing a hotel room.

17. After returning to their hotel room from swimming in the hotel pool, T.D. sat down a chair in the hotel room while A.S. sat in the bed closer to T.D. and C.B. sat in the bed on the opposite side of the room. While sitting in the chair, T.D. took out a pocketknife and began partially opening and closing it.

18. While partially opening and closing the knife, T.D. asked C.B. if he knew where the power cord was for T.D.'s video game counsel. At no time did T.D. ever threaten to attack C.B. with the knife or make any move toward C.B., who sat approximately ten (10) feet away from T.D.

19. Later, the boys located the power cord and played video games together until they went to sleep in the hotel room.

20. The pocket knife that T.D. had in his possession was not a "switchblade knife" as defined under N.R.S. 202.350 (8)(h) as it was not a spring-blade or snap-blade, it could not be released automatically by the flick of a button, pressure on the handle, or by any other mechanical

device or mechanism, and did not have any type of automatic release.

21. The pocket knife that T.D. had in his possession was not a "dangerous weapon" as defined under N.R.S. 392.466 (7)(b) as it was not a dirk, dagger, switchblade knife, trefoil, butterfly knife or any other type of knife described in N.R.S. 202.350, or any other object used, or threatened to be used, in such a manner or under such circumstances as to pose a threat of, or cause, bodily injury to a person.

22. The following day, it was reported to a chaperone on the trip that T.D. was in possession of a knife. The chaperone then reported this to the band director, but T.D. was allowed to continue performing with the band.

23. On May 24, 2012, Defendant, Mike Altenburg, the Principal of Elko High School, became aware of the incident. Altenburg then instructed Norm Mahlberg to conduct an investigation of the incident.

24. On May 25, 2012, prior to any investigation of the matter, T.D. was immediately suspended from school for ten (10) days.

25. Prior to T.D.'s ten (10) day suspension, Defendants failed to provide T.D. any notice or explanation of the evidence against him or an opportunity for a hearing or to respond.

26. Prior to T.D.'s ten (10) day suspension, Defendants failed to make any finding that T.D. posed a continuing danger to persons or property, that he posed an ongoing threat of disrupting the academic process, or that he was found to be in possession of a dangerous weapon.

27. On May 30, 2012, Mahlberg submitted an investigation report to Altenburg. On that day, Altenburg recommended that T.D. be suspended from Elko High School. Defendant, Jack French, Director of Secondary Education decided to suspend T.D. from school for 180 days.

28. On May 30, 2012, Altenburg delivered a letter to T.D.'s parents informing them of the decision to suspend T.D. from school for the May 20, 2012 incident based upon Elko County School District Policy sections JDB (6), (11), (12), and (13) and NRS 392.4655 (1)(a) and NRS 392.466 (2) and (7)(b). Altenburg also informed T.D.'s parents that they had a right to a hearing before an impartial fact-finding panel to determine if T.D. committed the alleged violation, and if so, based on NRS, what discipline should be recommended by the panel to the superintendent.

29. Plaintiff timely submitted a request for a due process hearing pursuant the Elko County School District Policy for Student Discipline: Procedure for Administering Discipline: Formal Due Process (JDFD). A hearing was conducted on June 12, 2012 before a three member fact finding panel.

30. According to Elko County School District's policy number JDFD (8)(g), the administration had the burden of proof to show that T.D. actually committed the alleged violations with which he was charged. Yet, at the hearing the administration failed to call any witnesses or present any evidence whatsoever to the fact-finding panel and thus failed to even meet the slightest burden of proof.

31. According to Elko County School District's policy number JDFD (8)(g), the administration had the burden of proof to show what discipline should be recommended by the panel to the superintendent. Yet, at the hearing the administration failed to call any witnesses or present any evidence whatsoever to the fact-finding panel and thus failed to meet this burden of proof.

32. According to Elko County School District's policy number JDFD (8)(h) and (i), T.D. had a right to cross examine adverse witnesses and to confront any witnesses against him at the June 12, 2012 hearing. Yet, the administration failed to call any witnesses or present any evidence whatsoever to the fact-finding panel thus denying T.D. his rights.

33. According to Elko County School District's policy number JDFD (8)(j), the hearing panel findings "shall be based solely on relevant evidence presented at the hearing." The administration failed to call any witnesses or present any evidence whatsoever to the fact-finding panel. Nonetheless, the hearing panel found T.D. to be responsible for the alleged violations despite no evidence being presented at the hearing.

34. Despite the hearing panel's finding, which had absolutely no evidentiary basis to support any of the allegations made against T.D., Defendants Jack French and Mike Altenburg upheld the hearing panel decision and suspended T.D. from school for 180 days, forever tarnishing the educational transcript and record of T.D., as well as causing severe psychological and physical injuries, all in violation of his U.S. Constitutional Rights, the Elko High School Student Conduct Code, Elko County School District Policy, and NRS 392.467.

35. Despite the fact that no evidence was ever presented to support any of the allegations made against T.D., he was not provided notice and a hearing before being suspended for 10 days, and was denied a fair hearing when a "hearing" actually took place, Defendants found T.D. to be responsible for the allegations against him, thus making Defendants' decision arbitrary and capricious.

36. As a result of the above, Defendants, and each of them, have wrongly caused Plaintiff to be sanctioned and for the above-noted sanctions to be wrongly placed on his record, all in violation of his U.S. Constitutional Rights, depriving him of the opportunity to obtain an education and further his career, and inflicting emotional distress and physical injury, all damaging him in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## FIRST CAUSE OF ACTION

### *CIVIL RIGHTS VIOLATION (MONELL CLAIM)*

37. Paragraphs 1 through 36, inclusive are incorporated by reference.

38. The actions of Defendants resulted from, and were taken, pursuant to a *de facto* policy of Defendant Elko County School District, which is implemented by administrators, directors, agents, and other employees of the said Defendants, all acting under the color of law, who chose to violate T.D.'s constitutional rights, without rightful authority of law, and who continue to violate T.D.'s constitutional rights on an on-going basis by preventing him from returning to school.

39. The existence of the *de facto* policy described above has been known to supervisory and policy making officers and officials of said Defendants for a substantial period of time.

40. Despite their knowledge of the said illegal policy and practices, supervisory and policy-making officers and officials of the said Defendants have not taken steps to determine the said practices, have not disciplined or otherwise properly supervised the individual employees who engaged in the said practices, have not effectively trained the Superintendent, Principals, Assistant Principals, Board members, and other employees with regard to the proper constitutional and statutory limits on the exercise of their authority, and have instead sanctioned the policy and the practices described herein.

41. That T.D. has a clearly established right to equal access to all benefits and privileges

of a public education and a right to due process in all disciplinary proceedings at issue on this case.

42. That the above actions and omissions by Defendants were deliberate and intentional and have resulted in violations of T.D.'s, rights to equal protection and due process, all in violation of the Fourteenth Amendment to the United States Constitution.

43. That by reason of the aforesaid actions, Defendants' actions exhibit deliberate indifference to and/or reckless disregard for the constitutional rights of T.D. and other similarly situated students, all in violation of his constitutional rights, and as a direct and proximate result thereof, he sustained damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

44. That by reason of the aforesaid actions, T.D., is entitled to a Permanent Injunction compelling the Defendants, or their agents, to cease and desist discriminating against T.D. and other similarly situated students to assure that T.D. receives equal access to all benefits and privileges of a public education and a right to due process in all disciplinary proceedings at issue on this case.

45. The acts, conduct and behavior of each of the individual Defendants was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages in a sum in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

46. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## SECOND CAUSE OF ACTION

### *VIOLATION OF 42 USC § 1983*
### *DENIAL OF PROCEDURAL DUE PROCESS*

47. Paragraphs 1 through 46, inclusive are incorporated by reference.

48. This Complaint sets forth a claim for the deprivation of civil rights by Defendants violating T.D.'s right to a free public education as secured by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

49. The § 1983 claim against said Defendants is based upon the fact that T.D. was deprived of the due process of law when he was suspended from Elko High School for ten (10) days without being informed of the evidence against him, and without having a hearing on the temporary suspension as required by *Goss v. Lopez*, 419 U.S. 565 (1972) and NRS 392.467.

50. When a hearing was held on T.D.'s proposed long-term suspension, T.D. was denied the right to due process, because he could not confront witnesses against him, or rebut any evidence against because, Defendants presented no evidence or witnesses at the hearing.

51. The administration's charges and sanctions imposed upon T.D. were made pursuant to Nevada statute, despite the fact that the alleged incident occurred in the State of Colorado thus violating T.D.'s procedural due process rights.

52. As a result of Defendants' actions, T.D. was deprived of a free public education by missing class time and losing credit, he was subject to ridicule, and his reputation was ruined, all of which entitled him to injunctive relief and monetary damages in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

53. The acts, conduct and behavior of each of the individual Defendants was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages in a sum in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

54. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

### THIRD CAUSE OF ACTION

*VIOLATION OF 42 USC § 1983*
*DENIAL OF SUBSTANTIVE DUE PROCESS AND/OR PROCEDURAL DUE PROCESS*

55. Paragraphs 1 through 54 inclusive are incorporated by reference.

56. T.D. was suspended from Elko High School for allegedly making threats against a student, C.B. The school applied Nevada law to the alleged incident, despite the fact that it took place in Colorado.

57. The action of T.D. was, in fact, not a threat or extortion, nor an attempt to threaten or extort another student as is set forth in NRS 392.4655.

58. The action of T.D. did not impair the health, safety or welfare of another student, did not interfere with the maintenance of school discipline, did not warrant the reasonable belief that disruption of school operations would likely result, nor was it a crime under NRS if committed by an adult as is set forth in Elko School Districy Policy number JDB (6), (11), (12) and (13).

59. The pocket knife in T.D.'s possession was not a "dangerous weapon" as defined

under NRS 392.466 (2) and (7)(b) and NRS 202.350.

60. T.D. was suspended from school without committing any violation of school district policy or state law was arbitrary and capricious, all in violation of his substantive due process rights.

61. As a result of Defendants' actions, T.D. was deprived of a free public education by missing class time and losing credit, he was subject to ridicule, and his reputation was ruined, all of which entitled him to injunctive relief and monetary damages in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

62. The acts, conduct and behavior of each of the individual Defendants was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages in a sum in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

63. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## FOURTH CAUSE OF ACTION

### *NEGLIGENT HIRING, TRAINING, & SUPERVISION*

64. Paragraphs 1 through 63, inclusive, are incorporated by reference.

65. At all times relevant herein, Defendant Elko County School District had a duty not to hire individuals with a propensity towards committing unlawful acts against those who lawfully go about their business, and to adequately train and supervise their agents, officers, and employees.

66. At all times relevant herein, the Defendant Elko County School District had a duty to protect the public, such as T.D., from the illegal actions of their own agents, officers, employees and others.

67. Defendant, Elko County School District, breached its respective duties, and is therefore negligent and liable to T.D., who has suffered serious economic loss, loss of reputation, loss of daily and future income, and to incur severe financial obligations in order to retain attorneys, as well as other painful injuries, deprivation of his liberty, invasion of his privacy, grievous mental suffering, all to her damage in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

68. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute

this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## FIFTH CAUSE OF ACTION

### *INTENTIONAL INFLICTION OF SEVERE MENTAL DISTRESS*

69. Paragraphs 1 through 68, inclusive, are incorporated by reference.

70. As a result of Defendants' extreme and outrageous conduct and omissions, T.D., suffered and continues to suffer great mental and emotional harm, anguish, insecurity, self-revulsion, damage to his self-esteem, and self-worth, shame and humiliation.

71. Defendants' extreme and outrageous conduct was intended to and, in fact, did cause the mental distress described above. T.D. has suffered serious psychological injury, loss of community reputation, medical expenses, and to incur severe financial obligations in order to retain attorneys to seek redress against the unlawful conduct of the Defendants, as well as deprivation of his liberty, invasion of his privacy, and grievous mental suffering, all to damages in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

72. The acts, conduct and behavior of the Defendants were performed willfully, intentionally, oppressively, fraudulently and maliciously, by reason of which Plaintiff, is entitled to punitive damages in a sum in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

73. It has been necessary for Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## SIXTH CAUSE OF ACTION

### *INJUNCTIVE AND DECLARATORY RELIEF*

74. Paragraphs 1 through 73 inclusive are incorporated by reference.

75. Defendants' actions of suspending T.D. from school for 180 days with no evidence that T.D. committed any of the alleged violation, and the placing of notations of any accusations, findings, or sanctions against him, in his student file or upon his transcript, is unjust and illegal.

76. As a result of Defendants' arbitrary, capricious, and unlawful actions, T.D. has been prevented from attending classes at Elko High School, thus the actions of Defendants will cause T.D. to suffer immediate and irreparable harm if he is not permitted to attend Elko High School.

77. That due to Defendants' arbitrary and capricious and unlawful actions, T.D. has a

reasonable probability of success on the merits of this case.

78. The harm caused by Defendants is irreparable and can only be mitigated by the reinstatement of T.D. as a student and omission of any notations. For that reason, Plaintiff is entitled to an order requiring Defendants to immediately allowing T.D. to reenter Elko High School, remove any notations of any accusations, findings or sanctions, and prohibiting Defendants from further unlawfully interfering with T.D.'s educational future.

79. As a result of Defendants' intentional conduct, they have caused Plaintiff to incur attorney's fees in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) and thus Plaintiff is entitled to an award of attorney's fees.

## SEVENTH CAUSE OF ACTION

### *DEFAMATION, LIBEL AND SLANDER*

80. Paragraphs 1 through 79 inclusive are incorporated by reference.

81. That Defendants made false statements both verbally and written including, but not limited to, statements that T.D. violated school policy and state law.

82. These statements described above were made to third parties, including Plaintiff's classmates and teachers not involved in T.D.'s alleged misconduct and severely harmed the reputation and character of T.D.

83. That T.D. has suffered loss of reputation, shame, mortification and hurt feelings as a result of Defendants' deliberate, malicious, intentional, and oppressive conduct.

84. As a direct and proximate result of the false statements made by Defendants, T.D. has suffered injury and damages all in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

85. The acts, conduct and behavior of each of the individual Defendants were performed knowingly, intentionally, oppressively, and maliciously, by reason of which, T.D. is entitled to punitive damages in a sum in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

86. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

***WHEREFORE***, Plaintiff prays that this Honorable Court enter judgment in Plaintiff's favor,

and against the Defendants, and each of them:

1. For compensatory damages in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00);

2. For punitive damages each in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00);

3. For Injunctive and Declaratory Relief; and

4. Together with the costs and disbursements of this action and such other attorney's fees pursuant to 42 U.S.C. §1988, and further relief as justice requires.

DATED this 10th day of October, 2012.

                                                                                  **THE BACH LAW FIRM, LLC**

                                                                              _Jason J. Bach, Esq._
JASON J. BACH, ESQ.
Nevada Bar No. 7984
MICHAEL L. MASCARELLO, ESQ.
Nevada Bar No. 10673
6053 S. Fort Apache Rd., Suite 130
Las Vegas, NV 89148
Tel.: (702) 925-8787
Attorneys for Plaintiff